## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

Issac Benton Armstead, IV,          )          Cr. No. 5:08-0258-MBS
                                    )
                  Movant,           )
                                    )
         vs.                        )
                                    )          **ORDER AND OPINION**
United States of America,           )
                                    )
                  Respondent.       )
_____ )

        Movant Issac Benton Armstead, IV, ("Movant"), proceeding *pro se*, seeks to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. PROCEDURAL BACKGROUND

        On August 6, 2008, pursuant to a written plea agreement (ECF No. 71), Movant pleaded

guilty to Count 1 of an indictment charging him with conspiracy to distribute fifty grams or more

of cocaine base in violation of 21 U.S.C. § 846. ECF Nos 74 & 75. A sentencing hearing was

held on May 27, 2009. ECF No. 103. The court sentenced Movant to a term of 360-months

imprisonment. ECF No. 103. Movant did not appeal.

        Movant filed the instant § 2255 motion on October 2, 2014. ECF No. 163. The

Government filed a response in opposition and a motion to dismiss on October 31, 2014. ECF

Nos. 172 & 173.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this court

_____

[1] Although titled by the Government a "motion for summary judgment," ECF No. 172
incorporates all of the arguments made by the government in ECF No. 171, which clearly argues
for the dismissal of Movant's § 2255 motion on the ground that it is time barred and/or waived in
the plea agreement. The court, therefore, treats ECF No. 172 as a motion to dismiss rather than
as a motion for summary judgment.

1

entered an order on October 2, 2014, informing Movant of the motion to dismiss procedure and

the consequences should he fail to respond adequately. ECF No. 174. Movant did not file a

reply. Movant has several additional pending motions which this order addresses: a motion to

appoint counsel (ECF No. 164), a motion for an evidentiary hearing (ECF No. 165), and a

motion for certification and/or notification of a constitutional challenge to a statute (ECF No.

177).[2]

## II. DISCUSSION

The Government contends that Movant's § 2255 motion is time-barred. ECF No. 172.

The court agrees.

To make a timely § 2255 filing, a defendant has one year from the latest of (1) the date

on which a judgment of conviction becomes final; (2) the date on which an impediment to

making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the defendant was prevented from making a motion by such

governmental action; (3) the date on which a right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or (4) the date on which the facts

supporting the claim could have been discovered through the exercise of due diligence. 28

U.S.C. § 2255(f).

Because Movant filed no appeal, his conviction became final on May 29, 2009. The

statute of limitations ran on or about May 29, 2010. Movant's October 2, 2014, filing was thus

---

[2] Also pending before the court are two motions by Movant for a reduction of his sentence and a related motion to appoint counsel. ECF Nos. 162 & 176. These will be addressed in a separate order.

not within one year of the date on which his judgment of conviction became final.  Therefore, his motion to vacate is not timely under § 2255(f)(1).  There is no evidence that Movant was prevented from filing a § 2255 motion because of any governmental interference, and Movant has not argued that he has discovered new facts to support his claim.  *See* 28 U.S.C. § 2255(f)(2), (4).

Movant does, however, claim that the U.S. Supreme Court has newly recognized a right supporting Movant's claim which would render this motion timely under § 2255(f)(3).  Movant argues that his claim is supported by *Descamps v. United States*, 133 S. Ct. 2276 (2013), *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) and *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *reh'g en banc granted and vacated by* 775 F.3d 180 (4th Cir. 2014).  As an initial matter, reliance on a now-vacated case, *Whiteside*, cannot form the basis of a viable § 2255 claim.  Further, section 2255(f)(3)  "unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: the date on which the right asserted was initially recognized by the Supreme Court."  *Dodd v. United States*, 545 U.S. 353, 357 (2005) (internal quotation and citation omitted).   Neither *Hemingway* nor *Whiteside* are decisions of the Supreme Court, and do not, therefore "reset the clock on the § 2255 limitation period."  *See Blakney v. United States*,  C.A. No. 4:11-cv-70024-RBH, 2011 WL 1113468 at *3 (D.S.C. Mar. 24, 2011).  Finally, *Descamps*, the only case relied on by Movant which is a decision of the Supreme Court, does not retroactively apply to § 2255 proceedings as required by § 2255(f)(3). *See, e.g.*, *United States v. Hairston*, Criminal Action No. 4:06-cr-00018-1, 2014 WL 1217979, at *2 (W.D. Va. Mar. 24, 2014) (collecting various district court cases concluding *Descamps* is not retroactively applicable on collateral review); *see also Groves v. United States*, 755 F.3d 588,

3

593 (7th Cir. 2014) (concluding that *Descamps* is not retroactively applicable to cases on collateral review); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750, 753 (11th Cir. 2014) (same); *Baker v. Chapa*, 578 F. App'x 464, 465 (5th Cir. 2014) (*per curiam*) (same); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014) (same). The court concludes that Movant's § 2255 motion is not timely under § 2255(f)(3).

The court does not find that Movant's untimely filing is saved by the doctrine of equitable tolling. An otherwise time-barred movant is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). A movant must show that (1) he has pursued his rights diligently, and (2) some extraordinary circumstance precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Movant has cited no extraordinary circumstance that explains his untimely § 2255 motion.

The court denies Movant's motion for an evidentiary hearing. ECF No. 165. If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the motion without holding a hearing. Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that the prisoner is entitled to no relief). Because Movant's § 2255 is not timely, Movant is entitled to no relief and no evidentiary hearing is warranted.

The court denies Movant's motion to appoint counsel. ECF No. 164. It is within the court's discretion to appoint counsel if the court deems it to be "in the interest of justice." 18

U.S.C. § 3006A(2)(b). Rule 8(c) of the Rules Governing § 2255 Proceedings provides that a court must appoint counsel in a habeas proceeding only "[i]f an evidentiary hearing is required." The interests of justice do not require the appointment of counsel, and an evidentiary hearing is not required to resolve Movant's § 2255 motion. Thus, Movant's motion to appoint counsel is denied.

Movant also seeks certification by this court pursuant to Fed. R. Civ. P. 5.1 of a constitutional challenge to a statute (ECF No. 177). Movant challenges the constitutionality of 21 U.S.C. §§ 841(a)(1), § 841(b)(1)(A), and 851 as violative of the Commerce Clause. As the United States is already a party to this action and has been served with this filing, the notice requirement of Rule 5.1 has been satisfied. In accordance with Rule 5.1(b) this court "must" certify to the attorney general that a statute has been challenged and hereby does so, granting Movant's motion only to the extent it seeks such mandatory certification. The court, however, dismisses the claim for relief made in ECF No. 177 *sua sponte* as frivolous pursuant to 28 U.S.C. § 1915(d) (2012). "To prevent [] abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed *in forma pauperis* 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "[T]he statute accords judges [] the authority to dismiss a claim based on an indisputably meritless legal theory." *Id*. at 327. Movant contends that various provisions of the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*., are unconstitutional because they are not authorized by the Commerce Clause. U.S. Const. art. I, § 8, cl. 3. The CSA has, however, been found by the Supreme Court to be a valid exercise of congressional authority under the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1, 22 (2005) (affirming the

constitutionality under the Commerce Clause of applying CSA's provisions criminalizing manufacture, distribution or possession of marijuana to purely intrastate growers and users). Movant's filing fails to state a claim upon which relief can be granted. Although a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim, the claim made by Movant lacks "even an arguable basis in law" and is, therefore, frivolous. *See Neitzke v. Williams*, 490 U.S. at 328. The constitutional claim contained in ECF No. 177 is dismissed.

### III.  CONCLUSION

For these reasons, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, ECF No. 163, is **DISMISSED.** The Government's motion to dismiss, ECF No. 173, is **GRANTED**. Movant's motions for an evidentiary hearing, ECF No. 165, and for the appointment of counsel, ECF No. 164, are **DENIED**. Movant's motion for certification of a constitutional challenge to a statute pursuant to Fed. R. Civ. P. 5.1, ECF No. 177, is **GRANTED IN PART AND DISMISSED.**

**CERTIFICATE OF APPEALABILITY**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**


 s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
May 18, 2015

7