IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Benton Armstead, IV, ) | |
| ) | Cr. No. 5:08-0258 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Movant Isaac Benton Armstead, IV, is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Oakdale in Oakdale, Louisiana. This matter is before the court on Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as amended.

I. FACTS AND PROCEDURAL HISTORY

On August 6, 2008, Movant pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that Movant has a prior conviction for assault and battery of a high and aggravated nature in the court of General Sessions for Orangeburg County, South Carolina. ECF No. 107, ¶ 41. He also has a prior conviction for resisting arrest and distribution of crack in the Court of General Sessions for Orangeburg County, South Carolina. Id. ¶ 42. Movant's criminal history score was 4, for a criminal history category of III. However, Movant was designated as a career offender based upon his prior drug offense and prior crime of violence. Therefore, Movant's criminal history category became VI.

The PSR provided for a base offense level of 36. Because Movant was designated as a career offender, his offense level under U.S.S.G. § 4B1.1 became 37. Movant received no reduction for

acceptance of responsibility. Accordingly, Movant's total offense level was 37. On May 27, 2009, Movant was sentenced under the U.S. Sentencing Guidelines to 360 months imprisonment. Judgment was entered May 29, 2009. On January 14, 2011, Movant's sentence was reduced pursuant to Fed. R. Crim. P. 35(b) to 262 months incarceration.

Movant filed a § 2255 motion on October 2, 2014. Respondent moved for summary judgment, which motion was granted by order filed May 19, 2015. Movant filed a successive § 2255 motion on July 27, 2015, seeking the benefit of Johnson v. United States,133 S. Ct. 2551 (2015), wherein the Supreme Court found the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague. Respondent filed a motion for summary judgment on August 24, 2015, asserting (1) Movant's § 2255 motion is successive and untimely; (2) Johnson stated a procedural rule not retroactive on collateral review; and (3) Movant's motion is barred by waiver. On August 24, 2015, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition on November 2, 2015.

On June 24, 2016, the Court of Appeals for the Fourth Circuit authorized Movant to file a second or successive application for relief under § 2255, stating that he had made a prima facie showing that Johnson may apply to his case. Counsel filed § 2255 motions on Movant's behalf, arguing that the Court's interpretation of the residual clause applies equally to the residual clause in § 4B1.2(a)(2) of the Guidelines. On November 29, 2016, upon motion of Respondent, the court stayed the matter pending disposition of Beckles v. United States, 137 S. Ct. 886 (2017), a case wherein a defendant challenged his Guidelines sentence under Johnson. The Court decided Beckles on March 6, 2017. Respondent filed a motion to dismiss Movant's § 2255 motion on June 7, 2017.

Movant filed a response in opposition on June 14, 2017. The matter now is ripe for adjudication.

DISCUSSION

In Johnson the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In Johnson, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell

under the residual clause of § 4B1.2(a)(2), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

In its supplemental memorandum in support of its motion to dismiss, Respondent argues that because Johnson does not invalidate the advisory Guidelines, Movant's § 2255 motion is untimely, successive, and barred by waiver. Movant, through counsel, concedes this matter and, for the record, contends Beckles was wrongly decided. The court is constrained to conclude that Movant's § 2255 claim under Johnson is without merit.

## CONCLUSION

For the reasons stated, Movant's § 2255 motion, as supplemented (ECF Nos. 181, 208, 210) is **denied and dismissed** as untimely and without merit under Johnson. Respondent's motions for summary judgment (ECF No. 185) and to dismiss (ECF No. 216) are **granted**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing for the reasons

4

set forth hereinabove. Accordingly, the court **denies** a certificate of appealability.

      **IT IS SO ORDERED**.

/s/ Margaret B. Seymour  
Senior United States District Judge

Columbia, South Carolina

June 16, 2017