IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 5:08-258 |
| vs. | ) | |
| | ) | |
| Isaac Benton Armstead, IV, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On August 6, 2008, Defendant Isaac Benton Armstead, IV pleaded guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846.  A presentence investigation report ("PSR") was prepared that attributed to Defendant 2,717.7 grams of cocaine base and 2,684.9 grams of cocaine, for a marijuana equivalent of 54,890.98 kilograms.  Defendant had 4 criminal history points, for a criminal history category of III.  However, because Defendant had two prior felony convictions of either a crime of violence or a controlled substance offense, he was deemed a career offender under U.S.S.G. § 4B1.1, which increased his criminal history category to VI.  Defendant's base offense level was 36.  Because he was deemed a career offender, Defendant offense level became 37.  Defendant's statutory sentence under 21 U.S.C. § 841(b)(1)(A) was 20 years to life.  His sentencing guidelines range was 360 months to life imprisonment.  On May 27, 2009, Defendant was sentenced to incarceration for a period of 360 months, to be followed by a term of supervised release for 10 years.  Judgment was entered on May 29, 2009.  On January 14, 2011, an amended judgment was entered pursuant to Fed. R. Crim. P. 35(a) that reduced Defendant's sentence by three guidelines levels to 262 months. Defendant has been incarcerated since April 21, 2009.  Defendant's current release date is November 4, 2027.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with a prior conviction for a "serious drug felony or serious violent felony" is subject to a sentence of 10 years to life imprisonment, to be followed by a term of supervised release of not less than 8 years.

On March 20, 2019, Defendant filed a motion to reduce sentence under the First Step Act. The United States Probation Office (USPO) prepared a sentence reduction report that recalculated Defendant's total offense level as follows: base offense level of 34, based on a marijuana equivalent of 10,241.89 kilograms pursuant to Amendment 750 to the Sentencing Guidelines. However, as a career offender, Defendant's base offense level was increased to 37. With a criminal history category of VI, and taking into account Defendant's Rule 35(a) reduction, Defendant's guidelines range became 262 to 327 months, with a reduced term of supervision to 8 years. The court therefore granted Defendant's motion only as to the reduced term of supervision, and denied the remainder of his motion. Defendant appealed. On October 7, 2020, the Fourth Circuit remanded the case in light of United States v. Chambers, 956 F.3d 667 (4th Cir. 2020), and United States v. Blackmon, 787 F. App'x 156 (4th Cir. 2019).

The USPO filed an amended sentence reduction report on November 2, 2020 that included the same calculations its previous report, but noted the changed procedural posture of this matter. Defendant, through counsel, filed a supplemental motion to reduce sentence on November 30, 2020. Defendant asserts that one of his prior convictions, a 1995 South Carolina conviction for assault and battery of a high and aggravated nature, has not counted as a career offender offense since United

2

States v. Hemingway, 734 F.3d 323 (4th Cir. 2013). Defendant also contends it is questionable that a 1996 conviction for distribution of crack could readily count as a career offender qualifying offense because the charging documents have not been obtainable. According to the USPO, absent his career offender status, and taking into account his Rule 35(a) three-level reduction, Defendant's base offense level would be 31 and his criminal history category III, for a guidelines range of 135 to 168 months imprisonment. The government filed a response on December 30, 2020. The government submits that consideration of the 18 U.S.C. § 3553(a) factors and Defendant's post-sentencing conduct warrant a reduction in sentence. Defendant also filed a reply on January 8, 2021.

DISCUSSION

As noted above, Defendant's guidelines sentencing range has not changed. In United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit found that the First Step Act provides explicit permission for a court to modify a sentence. Further, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that any guidelines error deemed retroactive must be corrected. Id. at 668. The Chambers court also held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases, and that a court may vary from the guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence. Id.

The court declines to apply Hemingway, which has not been deemed retroactive on collateral review by the Fourth Circuit. Instead, the court will turn to the § 3553(a) factors and Defendant's post-sentencing conduct.

Defendant's Summary Reentry Plan reveals that he has taken advantage of numerous classes and programs offered by the Bureau of Prisons. He earned his GED while incarcerated. Defendant

3

has maintained his work assignment on the Camp AM Food Service at FCI-Edgefield, where he is housed. He has maintained good weekly cell sanitation reports and has remained incident- report free except for two infractions in 2010 for destruction of property $100 or less and possessing an unauthorized item; and an infraction in 2015 for conducting a gambling pool. Defendant is 49 years old, which statistically supports a finding that his risk of recidivism is significantly reduced.

CONCLUSION

The court has taken into account the § 3553(a) factors, particularly the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to avoid unwarranted sentence disparities. The court notes that Defendant has served approximately 141 months of his 262 month sentence, and in excess of the bottom range of a non-career offender sentence of 135 months. The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of time served, to be followed by a term of supervised release for 8 years. All other provisions of the judgment entered January 14, 2011 remain in effect.

There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be

4

extended.  Within 72 hours of his release, Defendant shall contact United States Probation Officer Marshall Bunch at either his office number, 803-253-3335; or his cell number, 803-667-1461.

Because of the COVID-19 pandemic, Defendant shall be tested for COVID-19 prior to his release and, provided he does not test positive, shall not spend 14 days in quarantine in BOP custody, but shall be released and instead spend 14 days in quarantine in the place he will reside.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 19, 2021